THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| C.C. and J.C., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*** <br><br> Case No. 4:21-cv-00010-DN-PK <br><br> District Judge David Nuffer <br><br> Magistrate Judge Paul Kohler |

Defendant California Physicians' Service dba Blue Shield of California ("Blue Shield") filed a motion to transfer venue[1] to the United States District Court for the Northern District of California under the doctrine of *forum non conveniens*. The Motion is GRANTED.

## BACKGROUND

From December 1, 2017 through November 30, 2019, Plaintiff C.C. participated in a Full PPO group health plan issued by Blue Shield.[2] Plaintiff J.C. was a beneficiary of the plan during this period.[3] The plan is a fully insured employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA").[4]

---

[1] Docket no. 9, filed May 23, 2021.

[2] Declaration of Leslie Crawford ("Crawford Decl.") ¶ 3, Docket no. 9-1, filed April 23, 2021.

[3] *Id.*

[4] Complaint ¶ 3, Docket no. 2, filed January 22, 2021.

Plaintiffs allege that J.C. exhibited troubling behaviors requiring mental health treatment.[5] Plaintiffs allege that from January 29, 2018 to August 29, 2019, J.C. was admitted to Kolob Canyon Residential Treatment Center ("Kolob"), a facility in Utah that treats mental health, behavioral, or substance abuse problems in adolescents.[6] Plaintiffs allege that they sought coverage from Blue Shield for treatment at Kolob, but that Blue Shield denied their requests for coverage and subsequent administrative appeals.[7] Plaintiffs allege they then sought an independent medical review from a California state regulatory agency, the California Department of Managed Health Care ("DMHC"), and that the DMHC upheld Blue Shield's determination not to cover the treatment at Kolob under Plaintiffs' Blue Shield coverage.[8]

Blue Shield is a California corporation with its primary place of business in Oakland, California.[9] Plaintiffs allege that they are residents of Ventura County, California.[10] Blue Shield issued Plaintiffs' health coverage in California, and Blue Shield administered Plaintiffs' coverage in California.[11] Thus, all of Blue Shield's conduct at issue in the complaint occurred in the Northern District of California.

Plaintiffs bring claims under two ERISA civil remedies provisions, 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3). Under Section 1132(a)(1)(B) Plaintiffs seek the recovery of plan benefits for treatment at Kolob.[12] Under Section 1132(a)(3) Plaintiffs seek

---

[5] *Id.* ¶¶ 10-12, 34.

[6] *Id.* ¶ 4.

[7] *Id.* ¶¶ 15-16, 19-21, 30-31, 33.

[8] *Id.* ¶¶ 31, 34.

[9] Declaration of Ji Won Kim ("Kim Decl.") Exhibit 1, Docket no. 10-1, filed April 23, 2021.

[10] Complaint ¶ 1.

[11] Crawford Decl. ¶ 4.

[12] Complaint ¶¶ 38-43.

various declaratory and injunctive remedies to address alleged violations of the Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA") in Blue Shield's application of medical necessity criteria to residential mental health claims under Plaintiffs' plan.[13]

## ANALYSIS

### Request for Judicial Notice

Blue Shield filed a Request for Judicial Notice in connection with the Motion.[14] Blue Shield requested that the court take judicial notice of two documents: (1) a printout from the official website of the California Secretary of State showing Blue Shield's registration and principal place of business in California, and (2) a printout from the official website of the Utah Secretary of State showing that Blue Shield is not incorporated in the state of Utah.[15]

Judicial notice is taken of these official government publications bearing on Blue Shield's state of incorporation and principal place of business.[16] Blue Shield's Request for Judicial Notice is GRANTED.

### Motion to Transfer Venue

Blue Shield moves to transfer this case to the United States District Court for the Northern District of California. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to

---

[13] *Id.* ¶¶ 44-61.

[14] Request for Judicial Notice, Docket No. 10, filed April 23, 2021.

[15] *Id.* p. 2; Kim Decl. Exhibit 1; Kim Decl. Exhibit 2.

[16] *See Clemmons v. Bohannon*, 956 F.2d 1523, 1532 n.2 (10th Cir. 1992); *Clappier v. Flynn*, 605 F.2d 519, 535 (10th Cir. 1979); *Global BTG LLC v. Nat'l Air Cargo, Inc.*, No. CV 11-1657 RSWL JCGX, 2011 WL 2672337, at *1 (C.D. Cal. June 29, 2011) (taking judicial notice of a printout from the official website of the California Secretary of State).

adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and fairness."[17] Courts in the Tenth Circuit consider the following factors when evaluating such a motion:

> [P]laintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure [sic] attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determines questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.[18]

Here, these factors weigh in favor of transfer to the Northern District of California. This case could have been brought in that district, Plaintiff's choice of forum is entitled to little weight under the facts of this case, convenience weighs in favor of transfer, and the judges of the Northern District of California are most familiar with California state regulation of Blue Shield through the DMHC.

### 1.  Whether venue would have been proper in the Northern District of California.

As a threshold matter, venue would have been proper in the Northern District of California. An ERISA action may be brought "[1] in the district where the plan is administered, [2] where the breach took place, or [3] where a defendant resides or may be found . . . ." 29 U.S.C. § 1132(e)(2). Here, all three prongs of ERISA's venue provision establish venue in the Northern District of California. Plaintiffs' Blue Shield health plan is administered in that district.[19] Any violation of ERISA alleged in the complaint occurred in that district because Blue

---

[17] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (internal quotation marks removed).

[18] *Chrysler Credit Corp*, 928 F.2d at 1516.

[19] Crawford Decl. ¶ 4.

Shield adjudicated the disputed claims in that district.[20] And Blue Shield may be found in that district because its principal place of business is in Oakland, California.[21]

### 2. Plaintiff's choice of forum.

While a Plaintiff's choice of forum is ordinarily entitled to deference, it is not absolute. Plaintiffs chose to bring this case in this district because the disputed treatment services were provided in Utah, because their counsel resides in Utah, and because they believe their privacy will be protected in Utah.[22] But a plaintiff's choice of forum "receives less deference" where, as here, "the plaintiff does not reside in the district."[23] Moreover, courts give little weight to a plaintiff's chosen forum where "the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiffs' chosen forum."[24]

Plaintiffs do not reside in Utah. They allege that they are residents of Ventura County, California.[25] And while the disputed treatment services were rendered in Utah, Blue Shield's adjudication of the claims at issue occurred in the Northern District of California, where Blue Shield's employees and offices are located. Any alleged violations of ERISA or MHPAEA by Blue Shield in adjudicating the disputed claims therefore occurred in California. Under these circumstances, Plaintiff's choice of forum carries little weight in the analysis.[26]

---

[20] *Id.*

[21] Kim Decl. Exhibit 1.

[22] Plaintiffs' Mem. in Opp'n. to Mot. to Transfer Venue ("Opp.") p. 2, Docket no. 16, filed May 7, 2021; Declaration of C.C. ¶¶ 3-6, Docket no. 16-1, filed May 7, 2021.

[23] *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F. 3d 1153, 1168 (10th Cir. 2010).

[24] *Id.*

[25] Complaint ¶ 1.

[26] *See Rula A.-S. v. Aurora Health Care*, No. 2:19-CV-00982-DAO, 2020 WL 7230119, at *3 (D. Utah Dec. 8, 2020); *Michael M. v. Nexsen Pruet Grp. Med. & Dental Plan*, No. 2:17-CV-1236 TS, 2018 WL 1406600, at *5 (D. Utah Mar. 19, 2018); *Island View Residential Treatment Ctr. v. Kaiser Permanente*, No. 1:09-cv-3, 2009 WL 2614682, at *3 (D. Utah Aug. 21, 2009).

### 3.   Whether the Northern District of California is more convenient for parties and witnesses.

All parties to this case reside in California. Plaintiffs nonetheless contend that litigating this matter in the District of Utah is more convenient for them, for three principal reasons: First, because litigating the case in California would result in increased travel costs for their counsel; second, because they believe "handling the case outside of California" will allow them to better protect their privacy; and third, because Kolob is located in Utah.[27]

None of Plaintiffs' proffered reasons establish that this case is more convenient to litigate in the District of Utah than in the Northern District of California for any party or probable witness. Rather, Blue Shield has shown that all parties are in California, and that the likely evidence in the case is confined to documents located in California.

Plaintiffs' travel costs argument stems only from their choice of counsel in Utah. But the convenience of counsel is not a relevant factor for purposes of evaluating Blue Shield's Motion.[28]

Plaintiff's claims regarding privacy are not well-supported and do not establish that litigation in Utah is more convenient for any party. The judges of the Northern District of California can protect Plaintiffs' privacy to the same degree as the District of Utah through a protective order or other available means.

As to the convenience of witnesses, "[w]itnesses are not as important in ERISA where focus is generally limited to the administrative record . . . ."[29] Any discovery beyond the administrative record relating to establishing the proper standard of review, such as discovery

---

[27] Opp. p. 2.

[28] *Danny P. v. Catholic Health Initiatives*, No. 1:14-CV-00022-DN, 2015 WL 164183, at *3 (D. Utah Jan. 13, 2015).

[29] *Id.* at *2.

into alleged structural financial conflicts of interest on the part of Blue Shield in both

adjudicating and paying health claims, would be found among Blue Shield's records located in

California.[30] As in *IHC Health Services, Inc. v. Eskaton Properties, Inc.*,[31] the convenience of

witnesses weighs in favor of transfer in this ERISA matter because "the most relevant witnesses

and documents are located in California, not Utah, because California is where the Plan is

administered, where [the defendant] is headquartered," and where Blue Shield made the disputed

decision to deny coverage.[32]

    The fact that Kolob is in the District of Utah does not weigh against transfer. Any

medical records or other information from Kolob included in the administrative record of

Plaintiffs' ERISA benefits claim is already in the possession of Blue Shield, and therefore

already located in the Northern District of California. The parties dispute whether discovery

beyond the administrative record would be appropriate in this case.[33] But in any event, discovery

from Kolob is unlikely. Plaintiffs' second cause of action alleging MHPAEA violations focuses

on the terms of Plaintiffs' mental health treatment coverage as compared to medical or surgical

coverage.[34] Any discovery authorized on those topics would again presumably be located among

Blue Shield's corporate records in California.

    Finally, it is not clear that Blue Shield "does business" in Utah through the BlueCard

Program, nor that it would be relevant to the present Motion if it did. As discussed, all evidence

---

[30] *See Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1133 (10th Cir. 2011); *see also Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F. 2d 377, 380 (10th Cir. 1992)* ("[T]he court must consider only the record before the plan administrator at the time it reached its decision. [Courts should not consider or rely] upon evidence not part of the administrative record.") (quotations omitted).

[31] No. 2:16-CV-3-DN, 2016 WL 4769342, at *9 (D. Utah Sept. 13, 2016).

[32] *Id.*

[33] Motion pp. 7-8; Opp. pp. 6-7.

[34] *See* Complaint ¶¶ 44-60.

that is likely to be introduced in this case is in California rather than Utah. And several courts examining the BlueCard program have concluded that the provision of out-of-area health coverage to members of the various Blue Cross or Blue Shield entities throughout the United States does not create sufficient contacts to establish jurisdiction where the medical services are rendered.[35] "[M]erely providing out-of-state health coverage to insureds does not subject an insurer to personal jurisdiction in every foreign state in which an insured happens to obtain medical services."[36] Blue Shield does not "do business" in Utah through its participation in the BlueCard program.

While Plaintiffs argue that it is more convenient for them to litigate this case in Utah, all parties and any likely witnesses are all located in California. These factors weigh in favor of transferring venue.

### 4. The familiarity of judges in the Northern District of California with Plaintiff's claims and the subject matter of the case.

As Blue Shield points out, the judges of the Northern District of California are particularly familiar with California's state regulation of "health care service plans" like Blue Shield through the DMHC.[37] Blue Shield cites a number of decisions from the Northern District of California that address ERISA denial-of-benefits litigation concerning Blue Shield, and in some cases also addressing the DMHC independent medical review apparatus available under California state law.[38] These considerations also weigh in favor of transferring venue.

---

[35] *Craig Hospital v. Empire Healthchoice, Inc.*, No. 18-cv-00794-WYD-STV, 2019 WL 10258608, at *4-5 (D. Colo. Apr. 1, 2019); *Angel Jet Servs., L.L.C. v. Red Dot Bldg. Sys.'s Employee Ben. Plan*, No. CV-09-2123-PHX-GMS, 2010 WL 481420, at *4-5 (D. Ariz. Feb. 8, 2010); *Bayada Nurses, Inc. v. Blue Cross Blue Shield of Mich.*, No. 08-1241, 2008 WL 2945388, at *4 (E.D. Pa. July 30, 2008).

[36] *St. Luke's Episcopal Hosp. v. La. Health Serv. & Indem. Co.*, No. H-08-1870, 2009 WL 47125, at *8 (S.D. Tex. Jan. 6, 2009)

[37] Motion p. 9; *see also* Cal. Health & Saf. Code §§ 1341, 1345(f) (defining "health care service plan").

[38] *See, e.g, Josef K. v. California Physicians' Serv.*, 477 F. Supp. 3d 886, 896-97 (N.D. Cal. 2020); *Brian H. v. Blue Shield of California*, 2018 WL 5778318, at *1 (N.D. Cal. Nov. 1, 2018), aff'd, 830 Fed. App'x 536 (9th Cir. Dec. 2,

In sum, the Northern District of California "is the forum with the greatest connection to the operative facts of this case and, under practical consideration of the facts, is the most appropriate forum for this case."[39] Blue Shield has met its burden of establishing that the District of Utah is an inconvenient forum and that the Northern District of California is a more convenient forum. Accordingly, it is appropriate to transfer the venue of this case to the Northern District of California.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Transfer Venue Under the Doctrine of *Forum Non Conveniens*[40] is GRANTED.

IT IS FURTHER HEREBY ORDERED that this case is transferred to the Northern District of California as a more convenient forum.

Dated July 29, 2021.

BY THE COURT:

David Nuffer
United States District Judge

---

2020); *Des Roches v. California Physicians' Serv.*, 320 F.R.D. 486, 502-03 (N.D. Cal. 2017); *Krysten C. v. Blue Shield of California*, 2016 WL 5934709, at *3 (N.D. Cal. Oct. 11, 2016), aff'd 721 Fed. Appx. 645 (9th Cir. Jan. 9, 2018).

[39] *IHC Health Servs., Inc.*, 2016 WL 4769342, at *9.

[40] Docket no. 9, filed April 23, 2021.